NOT FOR PUBLICATION                                                                              (Doc. Nos. 19, 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOHN ANTHONY VICKERS, | : | |
| Plaintiff, | : | Civil No. 11-03928 (RBK/KMW) |
| v. | : | **OPINION** |
| GLOUCESTER COUNTY, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Ray Childs, Modell Royce, and Darryl Johnson ("Defendants") to dismiss the Complaint of John Anthony Vickers ("Plaintiff"). Defendants argue that Plaintiff's §1983 claim is barred by the applicable New Jersey statute of limitations. Plaintiff has also filed a motion for summary judgment urging the Court to enter judgment in his favor. Because Plaintiff filed the complaint more than two years after the accrual of his claim, Defendants' motion to dismiss is **GRANTED**.

I.   BACKGROUND

Plaintiff initially filed a complaint on July 8, 2011 alleging that Defendants violated his constitutional rights by unlawfully detaining him despite a court order prescribing his release. After the Court dismissed his complaint for failure to state a claim upon which relief can be granted, Plaintiff filed an amended complaint on September 8, 2011. In the amended complaint, Plaintiff attests that on July 14, 2008 he received a non-custodial sentence of 100 days in the

"Slap" program. Am. Compl. at 1. When he returned to the Gloucester County Jail, however, Plaintiff was informed that he would not be placed in the Slap program but rather would serve a custodial sentence. Am. Compl. at 2. Plaintiff alleges that Defendants did not respond to the numerous grievances he filed and ignored the Court's directive that his sentence be served through the Slap program. Id. Plaintiff contends that his detention was unlawful because the court order explicitly mandated his release from custody. Id. On this basis, Plaintiff claims that Defendants caused him to be unlawfully incarcerated for 103 days, which violated his constitutional rights and caused him irreparable harm. Id. at 3.

## II.   DISCUSSION

Plaintiff now attempts to recover for Defendants' alleged constitutional violations under 42 U.S.C. §1983. As with many federal statutes, §1983 contains no specific statute of limitation. See Smith v. City of Pittsburgh, 764 F.2d 188, 192 (3d Cir. 1985). Thus, courts should look to the state law statute of limitation for personal injury claims to determine the time period within which plaintiffs must assert their §1983 claims. Id.; Wilson v. Garcia, 471 U.S. 261, 279 (1985). In New Jersey, plaintiffs must file personal injury actions within two years of the date of accrual.[1] See N.J.S.A. 2A:14-2.

Given this legal standard, Plaintiff's complaint is unquestionably barred by the applicable statute of limitations. The Court need not decide the exact accrual date of Plaintiff's claim because the complaint is untimely under any formulation. Plaintiff was reportedly sentenced to the Slap program on July 14, 2008. Plaintiff alleges that he was finally released 103 days after being sentenced to the non-custodial program. Yet Plaintiff did not file the complaint in the

---

[1] While the statute of limitations is governed by state law, the date of accrual is a question of federal law. Wallace, 549 U.S. at 387. It is well-settled that "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. at 388.

instant matter until July 8, 2011.  Even accepting his date of release as the date the injury accrued, Plaintiff's complaint is untimely and the Court must dismiss the action.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's motion for summary judgment is DENIED.

Dated: 3/7/2013                                             /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge