NOT FOR PUBLICATION (Doc. No. 27)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOHN ANTHONY VICKERS, | : | |
| Plaintiff, | : | Civil No. 11-03928 (RBK/KMW) |
| v. | : | **OPINION** |
| GLOUCESTER COUNTY, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of John Anthony Vickers ("Plaintiff") for reconsideration of the Court's March 7, 2013 Order. On that date, the Court granted Defendants' motion to dismiss on statute of limitations grounds, finding that Plaintiff had failed to file his §1983 claims within the applicable two year statute of limitations. Plaintiff now argues that the Court should have found that his appeal in state court tolled the statute of limitations, thus making his complaint timely. For the reasons expressed below, Plaintiff's motion for reconsideration is **DENIED**.

## I. BACKGROUND[1]

Plaintiff's Amended Complaint alleges that Defendants forced him to serve a custodial sentence in contravention of the state court's order that he be placed in a non-custodial program. On this basis, Plaintiff claims that Defendants caused him to be unlawfully incarcerated for 103

---

[1] The Court's March 7, 2013 Opinion contains a more detailed recital of the facts of this case. Accordingly, the Court will only address the background necessary to resolve the instant motion.

days, which violated his constitutional rights and caused him irreparable harm. Id. at 3. On March 7, 2013, the Court dismissed Plaintiff's Amended Complaint, finding that Plaintiff failed to file the complaint within the applicable two year statute of limitations. In that Opinion, the Court declined to state the exact date of accrual of Plaintiff's claims, finding that regardless of whether the Court relied on his date of incarceration or date of release, the claims would still not fall within the statute of limitations.

In his motion for reconsideration, Plaintiff argues that the Court overlooked critical facts when it did not find that his appeal tolled the statute of limitations. Plaintiff contends that the statute of limitations did not actually begin to run until November 30, 2009, when the Superior Court of New Jersey granted Plaintiff's appeal and reinstated his original sentence of release. In support of this contention, Plaintiff cites Morales v. City of Los Angeles, 214 F.3d 1151 (9th Cir. 2000), which he construes to stand for the proposition "that the statute of limitations is tolled until the appeal becomes final." Pl. Mot. Reconsideration at 1.

## II.    LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very

sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

### III. DISCUSSION

Plaintiff has not satisfied Rule 7.1's high standard for motions for reconsideration. Plaintiff does not argue that there has been an intervening change in the controlling law; nor does he argue that new evidence has become available. Therefore, the only grounds under which Plaintiff can move for reconsideration is that the Court made a clear error of law or fact. Plaintiff's only argument in this regard is that the Court overlooked a dispositive fact—that the Superior Court of New Jersey granted Plaintiff's appeal by vacating his sentence and reinstating his original sentence of release.[2] Plaintiff argues that this date is significant because the statute of limitations was tolled until the state court issued its final decision.

In support of this argument, Plaintiff cites Morales v. City of Los Angeles. In that case, the plaintiffs asserted §1983 claims against police officers, claiming that the officers' perjury and other misconduct during a previous civil rights lawsuit caused the plaintiffs to lose that case, thus depriving them of their due process right of access to the courts. Morales, 214 F.3d at 1152. The Court of Appeals, faced with the question of when the cause of action accrues in such a

---

[2] The Court is not entirely clear on the procedural history of Plaintiff's criminal case in state court, nor does the Court grasp the mechanism by which Plaintiff's sentence was allegedly vacated. These facts are immaterial to the Court's decision, however, as Plaintiff's claims are undoubtedly barred by the relevant statute of limitations.

circumstance, held that under California law, the cause of action accrued when final judgment was entered in trial court. The Court of Appeals also held that the statute of limitations was tolled from the date of filing the notice of appeal until the date the appeal became final. Id.

Plaintiff has failed to establish that the Court made a clear error of either fact or law that would merit reconsideration of the prior order. Although the Court did not expressly dismiss Plaintiff's statute of limitations argument, the Court did not overlook Plaintiff's contention. To the contrary, the Court found this defense meritless. Plaintiff argues that the Court should have considered November 30, 2009, the date the Superior Court vacated his sentence, as the date of accrual because that is the date that he realized that he had been injured by Defendants. This argument is legally untenable. Moreover, Plaintiff's purported legal authority fails to bolster his statute of limitations argument. The Morales case is simply irrelevant and does not in any way support Plaintiff's request for the Court to consider his untimely complaint. The Court already evaluated Plaintiff's arguments and evidence and issued its ruling in the March 7, 2013 Order. Accordingly, Plaintiff has not satisfied the standard for reconsideration and the motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

Dated: 4/29/2013                                         /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge